108 F.3d 1377
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roosevelt ALDRIDGE, Jr., Defendant-Appellant.
 No. 95-6692.
 United States Court of Appeals, Sixth Circuit.
 March 12, 1997.
 
 Before: MERRITT, RYAN, and SUHRHEINRICH, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 After the district court denied his motion to suppress, Roosevelt Aldridge, Jr., entered a conditional plea of guilty to possession of forty-six grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On appeal, Aldridge renews his claim that the cocaine should be suppressed because it is the fruit of an unconstitutional seizure. For the reasons that follow, we affirm the district court's denial of Aldridge's motion to suppress.
 
 I.
 
 2
 Officer Newton Morgan was on patrol in a marked squad car, on a Sunday evening, when he received instructions to check out "suspicious vehicles and people" at a local car wash. Morgan was aware that, in the past, the police department had received several complaints about drug dealing, shootings, and disruptive behavior in and around the area of the car wash. These complaints had identified Sunday evenings as a particular time of trouble. The car wash was a twenty-four hour, self-service facility with six bays for washing cars.
 
 
 3
 Morgan and several other squad cars converged on the car wash "pretty much ... at the same time," and "surround[ed] the whole car wash area, every exit." Morgan testified that although the car wash was open and several bays were occupied by automobiles, none of the automobiles were actually being washed. As the officers arrived and blocked the exits to the car wash, "several cars ... jumped the curb and left the scene."
 
 
 4
 Aldridge's car was backed half-way into one of the car wash bays when the police arrived. Aldridge testified that he too intended to join the exodus because he knew he had cocaine in his car. Upon finding his forward progress blocked by another vehicle, not a police vehicle, Aldridge attempted to make his escape by backing his car through the car wash bay. Aldridge had one passenger in the front seat of his car.
 
 
 5
 Morgan, having witnessed several cars flee the scene, began to run towards Aldridge's car because he thought Aldridge was also "trying to hide or possibly even leave the area." The district court found that Aldridge was still backing up his vehicle when Morgan appeared in front of the bay, pointed his gun at Aldridge, and ordered him to get out of his car. After Aldridge stepped out of his car, Morgan noticed a clear plastic bag in "the middle of the floorboard of the vehicle on the driver's side which appeared to [contain] cocaine." It is this cocaine which Aldridge moved to suppress.
 
 II.
 
 6
 Aldridge contends that Morgan seized him in violation of the Fourth Amendment and that the cocaine should, accordingly, be suppressed as "fruit of the poisonous tree." Specifically, Aldridge argues that Morgan had neither probable cause to justify an arrest nor a reasonable, articulable suspicion of criminal activity for purposes of a stop under Terry v. Ohio, 392 U.S. 1 (1968). The district court disagreed. It concluded that, under the totality of the circumstances, Morgan had an adequate basis for a limited investigatory stop.
 
 
 7
 For purposes of the Fourth Amendment, a seizure occurs "when [an] officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." Id. at 20 n. 16. An individual is not seized, however, unless and until the individual submits to the officer's show of authority. California v. Hodari D., 499 U.S. 621, 626-29 (1991). According to his own testimony, which was credited by the district court, Aldridge did not submit and, accordingly, was not seized, until he was actually confronted and ordered to stop by Morgan.
 
 
 8
 In the final analysis, then, Morgan knew or observed the following, before he seized Aldridge: (1) the area was known, in particular, on Sunday evenings, for violence, hooliganism, and drug trafficking; (2) specific complaints had been received regarding such activities at the car wash; (3) the officers had been directed, on a Sunday evening, to check out a report of "suspicious vehicles and people" at the car wash; (4) several cars were parked in the car wash bays, including Aldridge's, but none were actually being washed; (5) several of these cars jumped the curbs and fled when the police arrived; and (6) Aldridge, by his own testimony, attempted to flee.
 
 
 9
 These facts are strikingly similar to critical facts which led this court to conclude that officers had an adequate basis to effect a stop in United States v. Lane, 909 F.2d 895 (6th Cir.1990). In particular, we note that the court stated that "flight in the face of a clear showing of lawful authority supplied a reasonable suspicion that the suspect was engaged in criminal activity." Id. at 899 (internal quotation marks, brackets, and citation omitted).
 
 
 10
 While "[p]erhaps none of [the] facts [of this case], standing alone, would give rise to a reasonable suspicion" of drug trafficking, we are satisfied that, "taken together as appraised by an experienced law enforcement officer, they provided clear justification to stop [Aldridge's] vehicle[ ] and pursue a limited investigation." United States v. Sharpe, 470 U.S. 675, 682 n. 3 (1985).
 
 III.
 
 11
 Accordingly, we AFFIRM the judgment of the district court.